UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-144-RJC

| | | |
|---|---|---|
| MICHAEL EUGENE HUNT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| YASMIN GRADY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on consideration of Defendant's motion to dismiss Plaintiff's complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 15). Plaintiff has filed a response opposing this motion and this matter is ready for disposition.

**I.      BACKGROUND**

Plaintiff is an inmate in the custody of the North Carolina Department of Public Safety serving a life sentence for murder in the first degree (principal). In his pro se complaint, filed under 42 U.S.C. § 1983, Plaintiff alleges that he was subjected to excessive force by Defendant Grady following a physical altercation in the prison dining hall of the Alexander Correctional Institute.

The allegations, taken as true at this stage, tend to show the following. On July 8, 2011, Defendant Grady was assigned to the dining hall to oversee inmates as they took in their evening meal. Plaintiff observed a fellow inmate drop a glass on the floor and Grady did not order the inmate to retrieve the glass. As other inmates passed, they kicked and stepped on the glass, yet

1

Grady still declined to order the clean-up of the glass. Plaintiff then decided to pick up the glass and place it by an ice machine for later retrieval by the kitchen clean-up crew. (Doc. No. 1 at 3-4). Upon observing Plaintiff pick up the glass, Defendant Grady became "very loud and hostile" drawing the attention from other inmates in the dining hall. Grady informed Plaintiff that he needed to place the glass where it belonged, and in response, "Plaintiff began using profanity and told defendant Grady, 'I'll put glass back where it was and [Grady] get the [inmate] that dropped it to pick up,'" at which point, Grady radioed officers for assistance. (Id. at 4).

An apparent confrontation ensued, and Grady claimed that Plaintiff punched her in the head causing her to fall to the floor and then Plaintiff stomped her right leg. (Id. at 4-5). Statements taken after the altercation tend to show that Officer Quigley responded to the scene and observed Plaintiff strike Grady. Officer Quigley stated that he had to take Plaintiff to the ground and meanwhile, Plaintiff continued to resist restraint. Plaintiff denies that he resisted going to the floor. Other officers also provided statements which supported Defendant Grady's version of the events. However, Plaintiff expresses doubt that they could have witnessed the altercation because of where they were stationed in the dining hall. (Id. at 5). Plaintiff further alleges that prison video was taken of the incident and would show that he did not assault Defendant Grady, nor did he resist restraint. In fact, Plaintiff alleges that Defendant Grady beat him on the top of his head while he was restrained on the ground with his hands cuffed behind his back. Plaintiff asserts that he suffered severe pain, and later suffered headaches. (Id. at 6). At one point, Plaintiff claims that Officer Pinnix intervened to stop Defendant Grady and admonished her that "there ain't no need for all that." (Id.) In all, Plaintiff contends that over 100 inmates witnessed the altercation.

2

Plaintiff was later placed in segregation and charged with a number of violations stemming from the incident, including assault on Defendant Grady, the use of profane language and disobeying a direct order. Plaintiff declined to make a written statement regarding the incident or to participate in the disciplinary hearing citing his lack of glasses, which he contends were not provided to him in segregation. (Id. at 7-8).

On July 12, 2011, Plaintiff's charges came on for hearing before disciplinary officer Matthew Pennell. In his summary of the evidence, Officer Pennell found as follows:

> [Defendant Grady] ordered [Plaintiff] to place a cup in the dirty dish window. [Grady] reports that [Plaintiff] refused and stated that he could have left the damn cup on the floor. [Grady] reports that [Plaintiff] then punched her in the head. [Grady] reports that she pushed him away and then [fell] and he started stomping her leg. . . . Officer Quigley indicates that he observed [Plaintiff] strike Officer Grady and he responded. He reports that he took [Plaintiff] to the ground and he continued to resist while being restrained . . . Officers Mullins, Ready, Wix and Capt Pinnix appear to support the statement from Officer Grady. [Plaintiff refused to make a written statement during the investigation or to be considered at the hearing

(Doc. No. 16-1: Disciplinary Report at 1-2).[1]

In addition, Officer Pennell states that a video of the incident only showed a struggle on the floor . . . "it neither adds to or detracts from the remaining evidence." (Id. at 2). Plaintiff was found guilty of the charges and ordered to serve approximately eighteen months in super-max lock-up, to be followed by six to twelve months in maximum custody lock-up and six to twelve months on intensive control lock-up. (Doc. No. 1 at 10). Plaintiff tried to initiate criminal proceedings for assault against Defendant

---

[1] The Court has considered evidence generated from Plaintiff's disciplinary hearing. This evidence was clearly relied upon by Plaintiff in drafting his complaint and the court finds this information is integral to the complaint and is properly considered in determining whether to grant a motion to dismiss under Fed. R. Civ. P. 12(b)(6). See Philips v. Pitt Cnty Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (Courts "may properly take judicial notice of matters of public record," and "may also consider documents attached to the complaint . . . as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic" without converting the motion to dismiss into a motion for summary judgment.").

Grady with the Alexander County Superior Court, but was unsuccessful. (Id. at 10-11). Plaintiff's efforts to present grievances against Defendant Grady for alleged assault likewise failed. (Id. at 12). On July 14, 2011, a misdemeanor criminal summons was issued naming Plaintiff as the defendant on a charge of assaulting Defendant Grady, who was named as a government official. (Id.). Plaintiff states that his court-appointed attorney issued a subpoena for a number of items, including the alleged video tape of the altercation in the dining hall. It does not appear from the record that the criminal charges against Plaintiff ever went to disposition.

In his claim for relief in this § 1983 action, Plaintiff seeks a declaratory judgment that Defendant Grady's alleged assault violated his Eighth Amendment right to be free from cruel and unusual punishment and that the actions represented assault and battery under state law. Plaintiff moves to recover $20,000 in compensatory damages against Defendant Grady in her individual capacity for pain and suffering, and $20,000 in punitive damages from Defendant Grady.

## II.  STANDARD OF REVIEW

A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the complaint. See Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). In deciding a 12(b)(6) motion to dismiss, the Court must "accept as true all factual allegations" presented in the complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 589 (2007). In order to survive a Rule 12(b)(6) motion to dismiss, the plaintiff's complaint must contain more than mere legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662 U.S. 662, 679 (2009). A complaint must plead facts sufficient to "raise a right to relief above the speculative level" and to demonstrate

4

that the claim is "plausible on its face." Twombly, 550 U.S. at 570. A claim is facially plausible when the factual content of the complaint allows the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Accordingly, if the complaint establishes a sufficient legal and factual basis for the claims asserted then the motion to dismiss will be denied.

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint that set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Federal Rules provide that a complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555)).

### III. DISCUSSION

It appears from the record before the Court that Plaintiff did find himself in an altercation with Defendant Grady and other officers who answered her call for assistance in the dining hall. And in his complaint, Plaintiff admits that he picked up glass from the floor, and then when loudly instructed by Defendant Grady to place the glass in another location, Plaintiff resorted to directing profanity at Defendant Grady who then radioed for officer assistance. (Doc. No. 1 at 4).

There is no question that officers responded to the scene, and that Plaintiff was subdued on the floor and that he was charged with three violations; all of which he was found guilty of after a hearing which he refused to attend. Plaintiff received as punishment varying levels of

5

segregation, and it does not appear that those disciplinary orders have been overturned.

The Supreme Court has found that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original) (discussing Heck v. Humphrey, 512 U.S. 477 (1994)).

In the present case, Plaintiff is seeking declaratory relief and a finding by a trier of fact that Defendant Grady's conduct was excessive and that consequently, he is entitled to an award of compensatory and punitive money damages for his injuries: Plaintiff does not fairly dispute the outcome of the disciplinary hearing or the punishment imposed although he does challenge some of the findings and conclusions. As the Court explained in Wilkinson, the principles of Heck are primarily implicated when "success on the prisoner's claim for money damages (and the claim for declaratory relief) would 'necessarily imply the invalidity of the punishment imposed.'" Wilkinson, supra, at 82 (quoting Edwards v. Balisok, 520 U.S. 641, 648 (1997)). Thus, an award of monetary damages would not mean, as a fact, that Plaintiff was improperly found guilty or disciplined. Rather, it appears at this stage that a trier of fact could indeed determine that Plaintiff's actions were subject to discipline, but that Defendant Grady still used excessive force during the altercation, in particular, if the force was employed while Plaintiff was restrained on the ground with his hands behind his back and other officers were on the scene.

At this time, the Court finds that the issue of excessive force presents a genuine issue of fact which warrants further development through discovery. Accordingly, for the foregoing

reasons, it appears that at this stage—with the facts taken as true and in the light most favorable to Plaintiff—that a genuine issue of fact remains on the issue of excessive force. Defendant's motion to dismiss will therefore be denied. A Pretrial Order and Case Management Plan will follow entry of this order which will set out deadlines for discovery and the filing of dispositive motions.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendant's motion to dismiss Plaintiff's complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is **DENIED**. (Doc. No. 15).

2. Plaintiff's renewed motion for appointment of counsel is **DENIED** in the Court's discretion. (Doc. No. 19).

Signed: September 30, 2013

Robert J. Conrad, Jr.
United States District Judge