UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:12-cv-144-RJC

| MICHAEL EUGENE HUNT, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| YASMIN GRADY, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on consideration of Plaintiff's motion for reconsideration of the order granting summary judgment to Defendant on the claims raised in Plaintiff's § 1983 complaint. See (5:12-cv-144, Doc. No. 36: Order).

Plaintiff contends that he needs more time to complete discovery however he does not offer any argument regarding what discovery, if any, he has attempted to pursue since the Court entered a Pretrial Order and Case Management Plan on October 7, 2013, (Doc. No. 23), nor does he offer any reasoned argument regarding what discovery he wishes to pursue if the order on summary judgment were set aside.

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated: "A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice.'" Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)).

Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. (internal citation omitted). Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)).

Petitioner has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Petitioner's motion does not present evidence that was unavailable when he filed his motion to vacate, nor does his motion stem from an intervening change in the applicable law. Furthermore, Petitioner has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. In sum, the Court will deny Plaintiff's motion for reconsideration.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for reconsideration is **DENIED**. (Doc. No. 38)

Signed: October 27, 2014

Robert J. Conrad, Jr.
United States District Judge

2